[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence March 1, 1994 Date of Application March 2, 1994 Date Application Filed March 9, 1994 Date of Decision October 25, 1994
Application for review of sentence imposed by the Superior Court for the District of Ansonia/Milford at Milford. Docket Nos. CR5-91333 and CR5-91458.
David F. Egan, Esq., Defense Counsel, for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
In two separate criminal cases the petitioner plead guilty and received a total effective sentence of 45 years, execution suspended after 30 with three years probation. The petitioner entered a guilty plea to kidnapping in the 1st degree in violation of G.S. § 53a-92(a)(2)(A) and assault in the 1st degree, G.S. § 53a-59(a)(2) in Docket No. CR5-91333 and was sentenced to 25 years on the first count and 20 years suspended after 5 consecutive on the second count. In the second file, Docket CR5-91458, the petitioner entered a guilty plea to kidnapping in the 1st degree in violation of G.S. § 53a-92(a)(2)(B) and was given a sentence of 25 years concurrent with Docket No. CR5-91333.
In the first case, a woman was abducted on her way to work in the early morning hours at the parking lot of the United Methodist Convalescent Home in Shelton. Petitioner held a knife to the victim's throat, drove the victim around to various automatic teller machines and at one point threatened to rape her. She was released physically unharmed but emotionally traumatized by the petitioner's actions.
The victim in the second file was not so fortunate. She was abducted about a week after the first incident when petitioner pulled her over on the ruse that he was a police officer. He got in her car and drove to the back of the Derby High School. An alert police officer noted the car tracks in the snow and investigated. He came upon the petitioner and the victim outside the car, but by that time the victim had been stabbed by the petitioner 24 times as she resisted him.
There was an agreed recommendation of 50 years suspended after 35 total effective sentence on both cases with the right of defendant to argue to a lesser sentence.
Petitioner points out that there was no physical injury in the first case and no prior criminal record before these two incidents which occurred within one week of each other. His attorney emphasized the petitioner's psychiatric and addictive history.
The state points out that had it not been for the officer appearing on the scene when he did, the second incident might well have been a murder. The petitioner had experienced other problems with the law, primarily as a result of his impulsive and destructive behavior. The division is asked to bear in mind the physical and mental havoc petitioner caused to the victims. It is suggested that the court took into account all factors enumerated CT Page 11917 in P.B. § 942 and imposed a lesser sentence than the agreed recommendation.
The petitioner addressed the division and acknowledged there should be consequences to his actions, but he points out he was under the influence of crack cocaine for a substantial period of time and unable to recall these two incidents. He expressed remorse for his actions both to the board and in an insightful and articulate letter he gave to the sentencing judge.
We have no reason to question the petitioner's sincerity in expressing his regret for having caused such destruction in such a short period of time, but we are compelled to note the seriousness of these two offenses. The second incident was carried out with savage brutality and utter viciousness and it is apparent the sentencing court placed what we consider to be proper emphasis on the need to protect society from the petitioner. Although the petitioner's rehabilitation well may be underway, the isolative purpose of the sentence renders it neither disproportionate nor inappropriately excessive.
Sentence affirmed.
Stanley, J.
Klaczak, J.
Norko, J.
Stanley, J., Klaczak, J. and Norko, J. participated in this decision.